BUEB v. GERATY et al.

(Supreme Court, Appellate Term. October 16, 1900.)

APPEAL—REVERSAL—LAW OF THE CASE—RETRIAL.

　　On a former appeal it was held that plaintiff's contention that his indorsement of a certain note was made in consequence of an oral agreement of the makers to execute the chattel mortgage in suit was not supported by the evidence, and that, therefore, his mortgage was not entitled to precedence over a prior unrecorded mortgage of defendant. On the retrial the case was submitted to the jury on the theory that plaintiff could prevail in the action without proving the existence of his mortgage by virtue of such agreement, if defendant's mortgage was without consideration. *Held*, that such submission of the case was erroneous, as in variance with the decision on the former appeal.

Appeal from city court of New York, general term.

Replevin by Otto J. Bueb against Annie M. Geraty and another. From a judgment of the New York city court, general term, affirming a judgment of the trial term in favor of plaintiff (64 N. Y. Supp. 1132), defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

66 N.Y.S.—25

Edmund T. Oldham (John F. Couch, of counsel), for appellants.
Edwin F. Stern, for respondent.

PER CURIAM. This case was considered by a former appellate term (28 Misc. Rep. 134, 59 N. Y. Supp. 249), and hence it is only necessary to set forth such facts as were not before the court upon the previous trial. Upon the former appeal the plaintiff's contention that his indorsement of the note was made in consequence of a contemporaneous oral agreement of Geraty & Ball to execute the chattel mortgage in suit was held not to be supported by the evidence. The plaintiff, however, upon the trial which is the present subject of review, introduced evidence tending to show that such agreement was made. This version, though, was contradicted by the defendants, and the case was submitted to the jury upon the theory that the plaintiff might prevail in the action, notwithstanding failure to prove the existence of his mortgage by virtue of an agreement, if the Connery mortgage should be found to have been given without valuable consideration. This submission of the issues was quite at variance with the rule laid down upon the former appeal (28 Misc. Rep. 138, 59 N. Y. Supp. 249), and the error, presented as it is by proper exception, must lead to a reversal of the judgment.

For these reasons the judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event.